UNITED STATES DISTRICT COURT OFFICE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )
                                  )
GERALD ANDERSON,                  )    CRIMINAL NO. 04-10110-RWZ
     a/k/a "WEASLE", "WEZLE"      )
     and "WEEZE", and             )
                                  )
JAMES BOGARTY, a/k/a "CHUCK",     )
                                  )
          Defendants.             )

## GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Comes now the United States of America, through the undersigned counsel, and files the Government's Motion to Exclude Time Under the Speedy Trial Act as to the periods from April 22, 2004 through June 7, 2004 and from June 15, 2004 through August 4, 2004. In support of its motion, the government states as follows:

1.    Defendant Gerald Anderson was arraigned on April 22, 2004 on the indictment in the above-captioned matter and defendant James Bogarty was so arraigned on April 27, 2004. Pursuant to Local Rule 112.2(A)(2), the ensuing twenty-eight (28) days are excludable delay for purposes of the Speedy Trial Act.

2.    On May 11, 2004, the government filed its Motion for a Protective Order, which this Court granted on June 7, 2004. Therefore, the period of time from May 11 through June 7, 2004 is excludable for Speedy Trial purposes pursuant to 18 U.S.C. § 3161(h)(1)(F).

3.    On June 15, 2004, Chief Magistrate Judge Bowler held an Initial Status Conference for defendant Gerald Anderson, at which time Attorney Benjamin Entine requested additional time to review the substantial discovery provided by the government.

3.    In light of the foregoing, Attorney Entine requested that a Final Status Conference be scheduled for August 4, 2004 and agreed that the period of time from June 15 through and including August 4, 2004 is excludable for purposes of the Speedy Trial Act. Accordingly, the period of time from June 15, 2004 through August 4, 2004 is excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) on the grounds that the interests of justice outweigh the best interests of the public and the defendant in a speedy trial.

4.    It is well-settled that the "exclusion of time attributable to one defendant is applicable for all codefendants for speedy trial purposes." United States v. Barnes, 159 F.3d 4, 10 (1st Cir. 1998); United States v. Santiago-Becerril, 130 F.3d 11, 19 (1st Cir. 1997).

5.    Based on the foregoing, the government respectfully submits that an order of excludable delay should issue pursuant to Local Rule 112.2(A)(2), 18 U.S.C. § 3161(h)(1)(F) and 18 U.S.C. § 3161(h)(8)(A) as to both defendants for the periods from April 22, 2004 through and including June 7, 2004 and from June 15 through

2

August 4, 2004.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _____
PATRICK M. HAMILTON
DAVID G. TOBIN
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210

Date:      June 21, 2004

## CERTIFICATE OF SERVICE

I, Patrick M. Hamilton, do hereby certify that a copy of the foregoing has been served this date by first-class mail upon Benjamin D. Entine, Esq., 77 Franklin Street, Boston, MA 02110, counsel of record for defendant Gerald Anderson; and Edward J. Lee, Esq., 65 Franklin Street, Boston, MA 02110, counsel of record for defendant James Bogarty.

Date:      June 21, 2004

_____
Patrick M. Hamilton

3