UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

No. 04-10110-RWZ
_____

UNITED STATE OF AMERICA

v.

GERALD ANDERSON
Defendant
_____

## MOTION FOR REDUCTION OF SENTENCE

The defendant Gerald Anderson moves the court for an order reducing his sentence from 37 months to 30 months, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, and ordering "that the sentence be served concurrently with the Suffolk Superior Court sentence he is presently serving, and that the federal sentence be deemed to have commenced on March 16, 2006 (the date of his original federal sentencing)."


## Crack Cocaine Reduction

1. On March 16, 2006, the Court sentenced Mr. Anderson to serve a term of 37 months, based on a finding that his Total Offense Level ("TOL") was 19, and his Criminal History Category ("CHC") was III, yielding a Guideline Sentencing Range ("GSR") of 37 to 46 months.

2. Under the reduced sentencing guidelines for crack cocaine offenses, the new TOL is 17. At CHC III, the GSR is now 30-37 months.

3.   The defendant is eligible for a reduction because his original sentence was based upon the crack cocaine drug quantity determination, under USSG § 2D1.1, and the amended crack cocaine guideline is retroactively applicable to him. USSG § 1B1.10 and 18 U.S.C. § 3582(c)(2).

**The Primary Jurisdiction Problem**

4.   The defendant was brought into federal custody on April 22, 2004 via a writ of habeas corpus ad prosequendum (docket entry 7).  At the time, the defendant was serving a sentence of 18 months in the Suffolk County House of Correction as a result of a sentence imposed on November 20, 2003 in the Roxbury District Court, docket no. 0002-CR-3014 (Copy of docket sheet attached as Exhibit A).  According to the docket entry of April 22, 2004 in this case, at the defendant's initial appearance, the Magistrate Judge gave the defendant the choice of returning to state custody or remaining in federal custody. The defendant agreed to remain in federal custody and agreed to voluntary detention. He was detained in the continuous custody of the U.S. Marshal at the Plymouth County Correctional Facility (with the exception of one day when he appeared in Suffolk Superior Court in March 2006, described in paragraph 8 below) until he was transferred to the custody of the Bureau of Prisons in June 2006.

2

5.  The defendant completed his house of correction sentence on May 3, 2005.  (A copy of the records of the Suffolk County House of Correction, showing the date of his sentence completion, is attached as Exhibit B.)

6.  On December 20, 2005, the defendant pled guilty to counts 3, 4, and 5 in this case. The Court ordered that a presentence report be prepared.

7.  On March 16, 2006, the Court sentenced Mr. Anderson to the low end of the GSR, 37 months. On page 2, the Judgment notes, "The defendant is remanded to the custody of the United States Marshal."  (Docket entry 59).

8.  Eight days after this Court sentenced defendant, on March 24, 2006, Mr. Anderson was brought into Suffolk Superior Court on a writ of habeas corpus. He pled guilty to a variety of state charges, and was sentenced to a term of no less than three years and more than five years. The sentence was ordered to run "concurrent with Federal sentence now serving." A copy of the Suffolk Superior Court docket sheet, No. 2003-11090, is attached as Exhibit C.  A copy of the Motion for Writ of Habeas Corpus" is attached as Exhibit D.

9.  The defendant was returned by the Commonwealth to the custody of the U.S. Marshal on that same date.

10. Mr. Anderson remained in the Marshal's custody at Plymouth until June 2006, when he was transferred to the Federal

3

Correctional Institution at Fairton, New Jersey.

11.  On August 2, 2006, Mr. Anderson was transferred from the Bureau of Prisons to the Massachusetts Department of Correction to serve his state sentence of 3-5 years, described in paragraph 8.  Apparently, the federal Bureau of Prisons determined that it had never obtained primary jurisdiction of the defendant.  According to the Bureau of Prisons, the defendant was in state primary jurisdiction on April 22, 2004 when he had his initial appearance in federal court, since he was then serving a state house of correction sentence.  Even though he completed the state sentence on May 3, 2005, he never came into federal custody because, when he initially appeared in federal court, he also was subject to a bail order of $100,000 in the Suffolk Superior Court case.  <u>See</u> page 2, 11/13/03 entry  of the docket entries, Exhibit C.

12.  Because the Bureau of Prisons has taken the position that it has never had primary jurisdiction of the defendant, it will not begin counting the defendant's federal sentence until the defendant completes his state sentence on September 9, 2008. He would then be required to serve the 30 months (with about 5 months off for good conduct).

13.  The defendant will complete his state sentence on September 9, 2008.

4

**The Solution to the Primary Jurisdiction Problem**

14. Under the regulations governing the federal Bureau of Prisons ("BOP"), it is authorized to <u>nunc pro tunc</u> designate a state institution as the institution for service of the federal sentence. <u>See</u> Program Statement ("PS") 5160.05, attached hereto as Exhibit E. In addition, the Bureau of Prisons is authorized, after sentencing, to receive an order from the sentencing judge ordering that a federal sentence run concurrently with a state sentence. Paragraph 9(b)(3) of PS 5160.05 states:

> **Concurrent Service After Imposition.** The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition.

This is authorized under 18 U.S.C. §§ 3621(b) (designation of institution) and 3584(a) (imposition of concurrent or consecutive terms). <u>See</u> <u>United States v. McDaniel</u>, 338 F.3d 1287 (11th Cir. 2003)(District Court was entitled to make federal sentence concurrent to a state sentence not yet imposed for pending charges).

15. In Mr. Anderson's case, neither the defendant, defense counsel, the prosecutor, the Probation Officer, nor the Court realized that primary jurisdiction resided with the Commonwealth of Massachusetts. Indeed, the Commonwealth

5

apparently believed that Mr. Anderson was serving a federal sentence at the time of his sentencing in Suffolk Superior Court on March 24, 2006, since it ordered the state sentence to run concurrently with the federal sentence.

16. According to Bureau of Prisons Regional Counsel Henry Sadowski, if the Court's desire is to have the two sentences run concurrently, then using the proposed language quoted in this motion's initial paragraph will effectuate that desire.

17. The alternative would be to reduce the defendant's sentence to 30 months, and enter the new sentence on the form AO 247 as "time served."

18. Thus, the Court should either (1) reduce the defendant's sentence to 30 months, and state that it is "time served" or (2) indicate in an Amended Judgment that the new sentence is "30 months to be served concurrently with the Suffolk Superior Court sentence he is presently serving, and that the federal sentence be deemed to have commenced on March 16, 2006 (the date of his original federal sentencing)."

19. If the Court imposes the sentence of "time served," then the defendant will be eligible for release upon the expiration of the state sentence on September 9, 2008. (The defendant will not be released, but in fact will be transferred to ICE because of an immigration detainer.)

Respectfully submitted
The defendant Gerald Anderson
By his attorney


/s/ Charles W. Rankin
_____
Charles W. Rankin, BBO No. 411780
Rankin & Sultan
151 Merrimac St.
Boston, MA 02114
(617) 720-0011


**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will
be sent electronically to the registered participants as identified
on the NEF and paper copies will be sent to those indicated as non-
registered participants on August 6, 2008.

/s/ Charles W. Rankin
_____
Charles W. Rankin

7